UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0097JLR |
| Plaintiff, | ORDER |
| v. | |
| JONATHAN E. WILLIAMS, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is *pro se* Defendant Jonathan E. Williams's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Mot. (Dkt. # 110).)  Plaintiff the United States of America (the "Government") opposes Mr. Williams's motion. (Resp. (Dkt. # 113).)  The court has considered Mr. Williams's motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Williams's motion.

## II.    BACKGROUND

1

2      Mr. Williams is a 39-year-old inmate who is currently detained at Federal

3   Correctional Institution ("FCI") Sheridan.  *See Inmate Locator*, Fed. Bureau of Prisons,

4   https://www.bop.gov/inmateloc/ (last visited May 3, 2024).  Mr. Williams was arrested in

5   2022 after the United States Postal Inspection Service uncovered a dark web operation in

6   which Mr. Williams and co-conspirators anonymously sold and mailed illicit substances

7   to online purchasers for profit, including at least 19,963 grams of MDMA and 3.648

8   grams of LSD.  (*See* Presentence Investigation Report ("PSR") (Dkt. # 94 (sealed)) at

9   3-5.)  Mr. Williams later pleaded guilty to one count of conspiracy to distribute a

10   controlled substance.  (Plea Agreement (Dkt. # 58) at 2.)  He had no prior criminal

11   history.  (PSR at 7.)

12      The court sentenced Mr. Williams on July 11, 2023.  (7/11/23 Min. Entry (Dkt.

13   # 103).)  Mr. Williams's "offense level was 29 and his guideline range was 87 to 108

14   months."  (Statement of Reasons ("SOR") (Dkt. # 114) at 4.)[1]  But in anticipation of the

15   forthcoming Amendment 821 to the U.S. Sentencing Guidelines, which took effect

16   approximately four months after Mr. Williams's sentencing, the court "used a working

17   guideline range of 70 to 87 months, giving [Mr. Williams] the benefit of the upcoming

18   'true zero' criminal history offense level reduction."  (*Id*.)  The court then sentenced Mr.

19   Williams to 30 months of imprisonment followed by three years of supervised release—a

20

21

22      ───────────────

[1]  The court notes that the Statement of Reasons had not previously been filed on the docket in this case.  The court has filed it under seal for purposes of ruling on the instant motion.

1 significant downward departure from the adjusted guideline range.  (*See* 7/11/23 Min.

2 Entry; Judgment (Dkt. # 104).)

3      Mr. Williams continues to serve this sentence, and his projected release date is

4 July 4, 2025.  *See Inmate Locator*, *supra*.  On February 8, 2024, Mr. Williams filed a

5 motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821,

6 seeking a reduction of six months.  (Mot. at 1-2.)  The motion is now ripe for decision.

7 ### III.   ANALYSIS

8      The court begins with the principle that a "judgment of conviction that includes [a

9 sentence of imprisonment] constitutes a final judgment and may not be modified by a

10 district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817,

11 824 (2010) (internal quotations omitted).  18 U.S.C. § 3582(c)(2) creates an exception to

12 the general rule of finality, providing that

13     in the case of a defendant who has been sentenced to a term of imprisonment
based on a sentencing range that has subsequently been lowered by the

14     Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may
reduce the term of imprisonment, after considering the factors set forth in

15     section 3553(a) to the extent that they are applicable, if such a reduction is
consistent with applicable policy statements issued by the Sentencing

16     Commission.

17 18 U.S.C. § 3582(c)(2).  To qualify for a sentence reduction under 18 U.S.C.

18 § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to

19 a term of imprisonment based on a sentencing range that has been lowered by a

20 retroactively applicable guidelines amendment; and (2) the sentence reduction sought

21 must be consistent with the Sentencing Commission's applicable policy statements.

22 *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).  The court lacks

1   jurisdiction to grant a sentence reduction absent these two requirements.  *See United*

2   *States v. Wessen*, 583 F.3d 728, 730-31 (9th Cir. 2009).

3        Relevant here, Amendment 821 to the Sentencing Guidelines took effect

4   November 1, 2023, and applies retroactively.  *See Sentencing Guidelines for the United*

5   *States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023); *Amendment 821*, U.S. Sent'g

6   Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited May 3, 2024).

7   "Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level

8   for certain zero-point offenders—that is, defendants with no criminal history whose

9   offenses meet the guideline's criteria" (the "Zero-Point Offender Reduction").  *United*

10   *States v. Diaz-Diaz*, No. CR19-0187JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29,

11   2023); *see also* United States Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a).

12        Mr. Williams had no criminal history when sentenced.  (PSR at 7.)  He now argues

13   he is entitled to a reduction in sentence through the retroactive application of Amendment

14   821.  (*See generally* Mot.)  In imposing Mr. Williams's sentence, however, the court

15   anticipated the forthcoming Amendment 821 and granted Mr. Williams the Zero-Point

16   Offender Reduction to which he is now entitled.  Because his sentence already accounts

17   for the Zero-Point Offender Reduction, Mr. Williams did not receive a sentence "based

18   on a sentencing range that has subsequently been lowered by the Sentencing

19   Commission."  *Waters*, 771 F.3d at 680.  He therefore fails to qualify for a reduction in

20   sentence under 18 U.S.C. § 3582(c)(2).  *Id.*

21   //

22   //

ORDER - 4

1

## IV.    CONCLUSION

2
For the foregoing reasons, the court DENIES Mr. Williams's motion (Dkt. # 110).

3
Dated this 6th day of May, 2024.

4

5
JAMES L. ROBART
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22